UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61492-CIV-DIMITROULEAS

PSYCHIC READERS NETWORK, INC.,

    Plaintiff/Counterdefendant,

vs.

TAKE-TWO INTERACTIVE SOFTWARE, INC. and ROCKSTAR GAMES, INC.,

    Defendants/Counterclaimants,

and DOES 1-10,

    Defendants.

**DEFENDANTS-COUNTERCLAIMANTS TAKE-TWO INTERACTIVE SOFTWARE, INC. AND ROCKSTAR GAMES, INC.'S
<u>MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>**

    Defendants-Counterclaimants Take-Two Interactive Software, Inc. and Rockstar Games, Inc. (together, "Defendants"), pursuant to Local Rule 26.1(g) and Fed. R. Civ. P. 37, hereby move to compel the production of documents from Plaintiffs-Counterdefendants Psychic Readers Network, Inc. ("PRN") in the above-captioned action (the "Litigation").

**PRELIMINARY STATEMENT**

    Defendants have been forced to bring this motion because PRN wrongfully has refused to produce two critical categories of documents that are material to Defendants' defenses and counterclaims in this action. ***First***, one of the key issues in this case is whether "Miss Cleo" was a copyrightable character created, costumed, and scripted by PRN, or whether "Miss Cleo" was a real person, Youree Cleomili Harris. "Miss Cleo" was presented as the prime example of PRN's

services, and the commercials she made for PRN were the subject of numerous consumer complaints, fraud investigations, and litigations.  Consequently, documents relating to government investigations into the fraudulent and deceptive practices at the heart of PRN's operation, investigations that specifically examined which parts of PRN's services were real and which were not, as well as what the public understood PRN's advertisements to communicate, are highly relevant.  In fact, we believe it likely that PRN took the position in those proceedings that "Miss Cleo" was a real person, **not** a character, which would completely contradict its position in this litigation.

Although Defendants seek documents relating to these investigations, including non-public communications, statements, and litigations related thereto, PRN refuses to produce these documents on two bases: (a) such documents are not relevant to the parties' claims or defenses and (b) such documents are publicly available.  PRN's objections are entirely without merit.  These documents are relevant to whether "Miss Cleo" was a copyrightable character, and further, PRN's prior positions in those proceedings is relevant to Defendants' estoppel and copyright misuse counterclaims.  In addition, most documents responsive to this request are not public and not available to Defendants by other means.

*Second*, Defendants have requested documents relating to the damages and harm that PRN itself explicitly asserted in its Complaint that it had suffered as a result of Defendants' actions, as well as related documents concerning PRN's revenues, profits, and expenses.  Despite actively seeking damages, PRN refuses to produce documents that go directly to its damages, on the basis of relevance.  PRN's refusal is confounding as it is entirely appropriate for Defendants to receive documents concerning allegations that PRN made in its Complaint, as well as financial information directly related to PRN's claims for statutory and actual damages.

Thus, Defendants respectfully request that this Court order PRN to produce documents relating to (a) investigations into its fraudulent and deceptive practices, including communications, statements, litigations, and complaints related thereto; and (b) PRN's alleged damages and harm, including PRN's profits, revenues, and expenses.

## BACKGROUND

On April 20, 2018, Defendants served its First Set of Requests for Production (the "Requests"), a true and correct copy of which is attached as **Exhibit 1**. On May 31, 2018, PRN served its Responses and Objections to Defendants First Set of Requests for Production (the "Responses"), a true and correct copy of which is attached as **Exhibit 2**. In its responses, PRN objected to producing any documents responsive to Request Nos. 28, 44, 45, 46, and 56, among others.[1] It also refused to clarify which documents it was producing and which documents it was withholding.

On June 22, 2018, Defendants sent a letter to PRN describing these deficiencies, a true and correct copy of which is attached as **Exhibit 3**. PRN responded on June 27, 2018 with a letter that addressed only two of the Requests listed in Defendants' initial letter, a true and correct copy of which is attached as **Exhibit 4**. Failing to reach a resolution, the parties stipulated and agreed to extend the deadline to file a motion to compel production of documents from July 2, 2018 to July 9, 2018, to allow for more time to resolve the matter amicably. Defendants and PRN met and conferred on July 2, 2018. PRN agreed to produce documents responsive to Defendants' other requests, but it refused to produce (1) documents relating to investigations into PRN's fraudulent and deceptive practices and (2) documents relating to

---

[1] It is Defendants' understanding that the parties have resolved their disputes concerning Defendants' other requests and that PRN will be producing documents responsive to those other requests to the extent that they exist.

PRN's profits, expenses, revenues, and harm resulting from the alleged infringement. On July 8, 2018, (the day before Defendants' motion was due), PRN indicated that it would search for documents responsive to these requests, but would decide whether to produce them based on its objections. As a result, Defendants have no choice but to seek an order from this Court compelling production of such documents.

## ARGUMENT

A party may obtain discovery regarding any non-privileged matter relevant to either party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b). For the purposes of discovery, relevance is "construed broadly to include any matter that 'bears on, or reasonably could lead to other matter[s] that bear on, any issue that is or may be in the case.'" *Bukh v. Guldmann, Inc.*, No. 8:14 Civ. 1089, 2015 WL 6736774, at *1 (M.D. Fla. Nov. 4, 2015) (citations omitted); *see also* Fed. R. Civ. P. 26(b)(1); *Kaloe Shipping Co. Ltd. v. Golten Services, Co, Inc.*, No. 06 Civ. 22186, 2007 WL 1577783, at *1 (S.D. Fla. May 31, 2007) (finding that the standard for relevance under the Federal rules is "low"). In response to Request No. 28, PRN objected on the basis of relevance and public availability. In response to Request Nos. 44–46, PRN objected on the basis of relevance. It stated that it would be withholding documents responsive to each of these Requests. As explained below, its relevance objections, as well as its public availability objections, are entirely without merit. Thus, Defendants respectfully request that this Court order PRN to produce documents responsive to these Requests.

I. **PRN SHOULD PRODUCE DOCUMENTS REGARDING INVESTIGATIONS INTO ITS UNTRUTHFUL AND FRAUDULENT STATEMENTS**

**Request No. 28** seeks "All DOCUMENTS CONCERNING allegations against or investigations into the PRN ENTITIES for being untruthful or for fraudulent statements, including without limitation allegations CONCERNING the ASSERTED WORKS, psychic

4

services advertised by the PRN ENTITIES, or other representations to the public." PRN responded to the Request by stating:

> In addition to the above [general] objections, Plaintiff objects to the request to the extent it is vague, ambiguous, and overbroad in seeking "ALL DOCUMENTS CONCERNING allegations against or investigations into the PRN ENTITIES for being untruthful or for fraudulent statements . . . ." Additionally, the request calls for documents that are irrelevant to the issues framed by the pleadings and, to the extent such documents exist, they are available to Defendants from public sources.

During the meet and confer on July 2, 2018, PRN clarified that it was withholding documents on the grounds that this Request is (1) not relevant to either parties' claims or defenses and (2) the documents sought are publicly available. PRN is wrong. Information collected and statements made during the investigation into PRN's deceptive practices, including its representation of "Miss Cleo" as a real person to federal and state authorities and its internal discussions about those representations, are relevant and not otherwise available to Defendants.

**Relevance**. PRN's relevance objection is without merit. When the Asserted Works[2] were created, PRN presented "Miss Cleo" as a real person that customers could call for real readings and real psychic advice. PRN was then investigated multiple times by a variety of state governments, as well as the Federal Trade Commission ("FTC"), regarding its misrepresentation of its psychic services to the public through commercials featuring "Miss Cleo." In Florida in particular, PRN was investigated by the Attorney General's Office for its presentation of "Miss Cleo" as a real person. Assistant Attorney General Dave Aronberg told the press, "It's important because the whole concept of Miss Cleo is premised on her being a shaman from Jamaica. If

---

[2] The Asserted Works are a number of infomercials featuring the television psychic named "Miss Cleo," as well as a tarot card set and a book, identified by Copyright Registration Nos. VA 1-154-013, TX 5-610-954, PA 1-984-536, PA 1-984-550, PA 1-984-551, PA 1-984-533, PA 1-984-540, PA 1-984-546, and PA 2-617-294.

5

she's from the Bronx instead, that would be fraud." A copy of the article describing this investigation is attached hereto as **Exhibit 5**.

PRN's statements and assertions in connection with the numerous government investigations into PRN's fraud and deception using the Asserted Works, including its internal communications, are relevant because, to Defendants' knowledge, PRN maintained that its commercials, in which it presented "Miss Cleo" as a real person, were factual, correct statements of its services. If "Miss Cleo" was a real person (and not a character), then her accent, appearance, clothing, and demeanor are simply facts related to Ms. Harris. Unfortunately for PRN, it is black letter copyright law that "facts are not copyrightable." *Feist Publ'ns, Inc. v. Rural Tel. Serv.*, 499 U.S. 340, 344 (1991). Therefore, documents showing that PRN held "Miss Cleo" out as a real person will undermine PRN's copyright claim in three ways.

*First*, the documents requested are relevant to the issue of estoppel. The doctrine of estoppel prevents a plaintiff who represented to the public that his work was factual from later claiming in a copyright infringement action that his work was fictional. *See* Melville B. Nimmer & David Nimmer, 1 *Nimmer on Copyright* § 2.11[C] at 2–165 (1991) ("[O]ne who represents his work to be factual may not in a subsequent infringement action, prove that part of the work was fictional and therefore protected."); *Arica Inst., Inc. v. Palmer*, 970 F.2d 1067, 1075 (2d Cir. 1992) (where plaintiff presented its theory of "ego fixation," a way of structuring the human psyche, as a fact, it was not later permitted to make an "inconsistent claim so as to better serve its position in litigation"); *Nash v. CBS, Inc.*, 899 F.2d 1537, 1541 (7th Cir. 1990) (finding that, where a theory of how the famous gangster John Dillinger died was presented as a fact, the theory was free for anyone to use; "Nash does not portray *The Dillinger Dossier* and its companion works as fiction, however, which makes all the difference."). As a result, to the

extent that the requested documents show that PRN has held "Miss Cleo" out as a real person, PRN cannot now claim that "Miss Cleo" was a fictional character in which it has copyright protection.

*Second*, the documents requested are relevant to Defendants' copyright misuse claim. The doctrine of copyright misuse prohibits a copyright holder from using a copyright to secure an exclusive right or limited monopoly not granted by the Copyright Act and contrary to public policy. *See Home Design Servs., Inc. v. Hibiscus Homes of Florida, Inc.*, No. 6:03 Civ. 1860, 2005 WL 3445522, at *12 (M.D. Fla. Dec. 14, 2005) (finding copyright misuse would exist if "[Plaintiff] ha[d] taken material in the public domain and attempted to use its copyrights to obtain property protection over such material"). In copyright misuse cases, courts often consider whether the Plaintiff is engaged in anti-competitive behavior and whether the Plaintiff is attempting to extend protection to uncopyrightable ideas or facts, although copyright misuse can occur in other circumstances as well. *See id*. Thus, again, to the extent that PRN is attempting to use whatever copyright it has in the Asserted Works to extend to facts, such as the real-world attributes of Ms. Harris, it is prohibited from doing so. Documents showing the extent to which PRN previously claimed that "Miss Cleo" was a fictional character or a real person are relevant to that issue.

*Third*, the documents requested are relevant to PRN's copyright infringement claim because, even if "Miss Cleo" is a protectable character, factual elements of the actress playing the character are not be protected by copyright. *See Home Design Servs., Inc. v. Turner Heritage Homes, Inc.*, 825 F.3d 1314, 1321 (11th Cir. 2016). Thus, even if PRN could show that Defendants copied elements of "Miss Cleo," if those elements are simply facets of Ms. Harris' persona, copying them does not constitute copyright infringement. As investigations into PRN's

7

deceptive practices specifically targeted whether "Miss Cleo" was a real person, see **Exhibit 5**, documents relating to these investigations are clearly relevant to whether the character of "Miss Cleo" is original and protected by copyright.

The bar for relevance in discovery is exceptionally low. *See Amerisure Ins. Co. v. Auchter Co.*, No. 3:16 Civ. 407, 2017 WL 3712917, at *2 (M.D. Fla. Jul. 7, 2017) (finding that the standard for relevance is "a remarkably low bar"); *Wajcman v. Corp. of Palm Beach*, No. 07 Civ. 80912, 2008 WL 11333144, at *2 (S.D. Fla. Apr. 28, 2008) (finding that "the Federal Rules set a very low threshold for relevance at the discovery stage").  Here, as the documents requested by Defendants are very important to their defenses and counterclaims, they easily surpass that bar.  Moreover, such documents likely will show that PRN's copyright claim is inconsistent with its past representations to the public and the government.  As Defendants are entitled to discovery that will assist them in investigating and substantiating their arguments, Defendants request that this Court overrule PRN's relevance objection.

**Public Availability.**  PRN also objected to Request No. 28 on the ground that documents responsive thereto are publicly available.  Even where some responsive documents are publicly available, courts in this Circuit may compel production if some of the information sought is not publicly available.  *See Sardis v. Home Depot U.S.A., Inc.*, No. 8:16 Civ. 739, 2017 WL 3723618, at *3 (M.D. Fla. Apr. 19, 2017) (granting motion to compel where request called for the government standards considered by Defendant, even though such standards were publicly available, because *which* documents Defendants read and relied on was not public information).  Most relevant documents responsive to the Request, including internal communications and confidential materials, are not publicly available.  Nor would any information be public if an investigation was closed without filing against PRN.  The fact that news articles were written

8

about certain of these investigations and some filings are available online does not make all documents related to the numerous fraud investigations of PRN publicly available. Thus, Defendants respectfully request that this Court overrule PRN's public availability objection as well.

**II.    DEFENDANT REFUSES TO PRODUCE DOCUMENTS RELEVANT TO ALLEGED DAMAGES**

**Request No. 44** seeks "DOCUMENTS sufficient to show PRN's revenues and expenses (both gross and net) from 1998 to present, including without limitation revenues and expenses attributable to the ASSERTED WORKS or to the alleged character, 'MISS CLEO.'" PRN responded to the Request by stating, "In addition to the above objections, Plaintiff objects to the request to the extent the request calls for documents that are irrelevant to the issues framed by the pleadings."

**Request No. 45** seeks "All DOCUMENTS CONCERNING any alleged damage suffered by the PRN ENTITIES as a result of the ACCUSED WORK, including without limitation any potential revenues lost by the PRN ENTITIES as a result of the ACCUSED WORK." Again, PRN responded to the Request by stating,

> In addition to the above objections, Plaintiff objects to the request to the extent it is vague, ambiguous, and overbroad in seeking "ALL DOCUMENTS CONCERNING ANY ALLEGED DAMAGE SUFFERED BY PRN ENTITIES as a result of the ACCUSTING [sic] WORK, including without limitations any potential revenues lost by the PRN ENTITIES as result of the ACCUSED WORK." Additionally, the request calls for documents that are irrelevant to the issues framed by the pleadings. Finally, the request would call for counsel to make a legal determination as to what documents would arguably be legally responsive to the request.

**Request No. 46** seeks "All DOCUMENTS CONCERNING any alleged irreparable harm suffered by the PRN ENTITIES as the result of the ACCUSED WORK." PRN responded to the Request by stating:

9

In addition to the above objections, Plaintiff objects to the request to the extent it is vague, ambiguous, and overbroad in seeking "ALL DOCUMENTS CONCERNING any alleged irreparable harm suffered by the PRN ENTITIES as a result of the ACCUSED WORK." Finally, the request would call for counsel to make a legal determination as to what documents would arguably be legally responsive to the request. Irreparable harm arises from the use of intellectual property without permission. While reserving that right, Plaintiff is not seeking any preliminary injunctive relief at this time.

**Request No. 56** seeks "All DOCUMENTS CONCERNING the allegation in Paragraph 46 of the COMPLAINT that PRN 'sustained and will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law.'" PRN responded to the request by stating, "In addition to the above objections, the request would call for counsel to make a legal determination as to what documents would arguably be legally responsive to the request. Subject to these objections, Plaintiff refers Defendants to Response to Request for Production No. 2." With regard to Request Nos. 44–46 and 56, at the meet and confer on July 2, 2018, PRN clarified that it was withholding responsive documents on the basis that the requested documents are not relevant to the parties' claims or defenses.

PRN's unilateral decision to withhold these documents on the basis of relevance is highly improper and prejudicial to Defendants.  In PRN's Complaint, PRN expressly asserts that it is damaged and irreparably harmed by Defendants. Compl. (ECF No. 1) ¶¶ 46, 74. In fact, PRN claims that it "sustained and will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law." *Id.* ¶ 46.  It should be obvious that Defendants are entitled to discovery concerning those claims.

Moreover, PRN's Complaint seeks statutory damages, actual damages, and injunctive relief.  *Id.* ¶¶ 42–46.  The documents Defendants seek similarly are related to these issues.  When determining statutory damages, courts consider a variety of factors, including "the revenues lost by the plaintiff" and the "value of the copyright." *Plastic the Movie Ltd. v. Jenkins*, No. 6:15

Civ. 505, 2015 WL 12856452, at *5 n. 2 (M.D. Fla. Dec. 11, 2015) (internal quotation marks omitted); *Countryman Nevada, LLC v. Adams*, No. 6:14 Civ. 491, 2015 WL 574395, at *7 (M.D. Fla. 2015) (considering the value of the copyright at issue and finding that, where Plaintiff had not supplied evidence of lost profits, sales, or licensing fees as a result of the infringement, the maximum statutory award was not appropriate). The value of the copyright at issue also is relevant to actual damages. *See Montgomery v. Noga*, 168 F.3d 1282, 1294–95 (11th Cir. 1999) (finding that, to recover for actual damages, defendant is required to demonstrate a causal connection between defendant's infringement and injury to the market value of the work at issue); *Home Design Servs., Inc. v. Turner Heritage Homes*, 101 F. Supp. 3d 1201, 1217 (N.D. Fla. 2015), *aff'd* 825 F.3d 1314 (11th Cir. 2016) (finding that injury to "market value" is usually determined by looking at the revenue lost as a result of the infringement).

Accordingly, Defendants respectfully request that this Court overrule PRN's relevance objection.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order:

1. Requiring PRN to produce all documents concerning allegations against or investigations into the PRN Entities for being untruthful or for fraudulent statements, including without limitation allegations concerning the Asserted Works, psychic services advertised by the PRN Entities, or other representations to the public and internal communications related thereto;

2. Requiring PRN to produce documents sufficient to show PRN's revenues and expenses (both gross and net) during the period of the alleged infringement, including without limitation revenues and expenses attributable to the Asserted Works or to the alleged character, "Miss Cleo;"

      3.      Requiring PRN to produce all documents concerning any alleged damage suffered by the PRN Entities as a result of the Accused Work, including without limitation any potential revenues lost by the PRN Entities as a result of the Accused Work;

      4.      Requiring PRN to produce all documents concerning any alleged irreparable harm suffered by the PRN Entities as a result of the Accused Work;

      5.      Requiring PRN to produce all documents concerning the allegation in Paragraph 46 of the Complaint that PRN "sustained and will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law;" and

      6.      Awarding Defendants their reasonable expenses incurred in making this Motion, including attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), and such other and additional relief that the Court deems just and proper.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1 and Federal Rule 37, undersigned counsel certifies that Defendants have conferred with PRN's counsel in a good faith effort to resolve the issues raised by this motion without Court involvement, but the parties have been unable to resolve these matters on their own.

                                              /s/ Gavin C. Gaukroger
                                                  Gavin C. Gaukroger

Dated: July 9, 2018	Respectfully submitted,

  /s/ Gavin C. Gaukroger
Gavin C. Gaukroger
Florida Bar No. 76489
Charles H. Lichtman
Florida Bar No. 501050
BERGER SINGERMAN LLP
350 East Las Olas Blvd.
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872
ggaukroger@bergersingerman.com
clichtman@bergersingerman.com
drt@bergersingerman.com

*and*

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Hunter A. Vanaria (admitted *pro hac vice*)
Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4989
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
hunter.vanaria@kirkland.com
miranda.means@kirkland.com

*Attorneys for Defendants and Counterclaimants Take-Two Interactive Software, Inc. and Rockstar Games, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will generate and serve a Notice of Electronic Filing to the following:

Joel R. Dichter
Dichter Law, LLC
488 Madison Avenue
18th Floor
New York, NY 10022
dichter@dichterlaw.com

Scott B. Cosgrove
James R. Bryan
León Cosgrove, LLP
255 Alhambra Circle, Suite 800
Miami FL 33134
scosgrove@leoncosgrove.com
jbryan@leoncosgrove.com

                                       /s/ Gavin C. Gaukroger
                                          Gavin C. Gaukroger