UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61492-CIV-DIMITROULEAS/SELTZER

PSYCHIC READERS NETWORK, INC.,

    Plaintiff/Counterdefendant,

vs.

TAKE-TWO INTERACTIVE SOFTWARE,
INC. and ROCKSTAR GAMES, INC.,

    Defendants/Counterclaimants,

and DOES 1-10,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL

**THIS CAUSE** has come before the Court upon the Motion to Compel Production of Documents [DE 66] filed by Defendants/Counterclaimants Take-Two Interactive Software, Inc. and Rockstar Games, Inc. (collectively "Defendants"). This is an action for copyright infringement and unjust enrichment in which Plaintiff seeks damages and injunctive relief for Defendants' alleged unauthorized use of Plaintiff's character "Miss Cleo" for its video game <u>Grand Theft Auto: Vice City</u>. Defendants seek an order compelling Plaintiff, Psychic Readers Network, Inc. ("Plaintiff"), to produce certain documents requested in their (April 20, 2018) First Request for Production of Documents. Plaintiff had objected to the requests at issue on grounds of relevancy and because the requests are "vague, ambiguous, and overbroad."

Rule 26(b)(1), Federal Rules of Civil Procedure provides:

> ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The parties have attempted to narrow the issues through e-mail communications and a meet and confer held on July 2, 2018 [DE 66], but they were unable to reach agreement on the requests raised in Defendants' motion. The motion addresses two categories of documents: (1) records pertaining to investigations into untruthful or fraudulent statements made by Plaintiff concerning its psychic services (Request No. 28) and (2) financial and other records concerning damages (Request Nos. 44, 45, 46, and 56).

With respect to Request No. 28,[1] Plaintiff argues that the request is not relevant to the issues in this litigation, but further states that there are no further documents to produce. Defendants argue that this response is "evasive" and ask for Court assistance in resolving the matter. The Court has reviewed the pleadings and Request No. 28 and finds that the information requested is both relevant and proportional to the needs of the case, more particularly, to Defendants' defenses and counterclaims. Nevertheless, the

---

[1] Request No. 28 sought "All DOCUMENTS CONCERNING allegations against or investigations into the PRN ENTITIES for being untruthful or for fraudulent statements, including without limitation allegations CONCERNING the ASSERTED WORKS, psychic services advertised by the PRN ENTITIES, or other representations to the public." These investigations included Federal Trade Commission and Florida Attorney General investigations into Plaintiff's commercials featuring a psychic known as "Miss Cleo."

2

Court accepts as true the representation by Plaintiff's counsel, an officer of the Court, that no additional documents exist. Accordingly, the Motion to Compel directed at Request No. 28 will be denied as moot.

With respect to the Requests (Nos. 44, 45, 46, and 56) relating to damages,[2] the parties dispute the relevant measure of damages in a copyright case and, therefore, dispute the relevance of the documents requested by Defendants. Plaintiff contends that the sole measure of damages is the gross revenue of the infringing Defendants, less any proof of costs that Defendants produce. Conversely, Defendants argue that in copyright cases the courts consider a variety of factors, including the revenues lost by the Plaintiff and the value of the copyright. This is a rare instance when both parties are correct:

> Assuming infringement is proven, the plaintiff may recover his or her "actual damages and any additional profits of the infringer . . . that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(a)(1) & (b). To prove actual damages, the plaintiff must "demonstrate a 'causal connection' between the defendant's infringement and an injury to the market value of the plaintiff's copyrighted work at the time of infringement." Montgomery v. Noga, 168 F.3d 1282, 1294 (11th Cir.1999). This injury is usually "measured by the revenue that the plaintiff lost as a result of the infringement." Id. at 1295 n. 19.

---

[2] Request No. 44 sought "DOCUMENTS sufficient to show PRN's revenues and expenses (both gross and net) from 1998 to present, including without limitation revenues and expenses attributable to the ASSERTED WORKS or to the alleged character, 'MISS CLEO.'" Request No. 45 sought "All DOCUMENTS CONCERNING any alleged damage suffered by the PRN ENTITIES as a result of the ACCUSED WORK, including without limitation any potential revenues lost by the PRN ENTITIES as a result of the ACCUSED WORK." Request No. 46 sought "All DOCUMENTS CONCERNING any alleged irreparable harm suffered by the PRN ENTITIES as the result of the ACCUSED WORK." And, finally, Request No. 56 sought "All DOCUMENTS CONCERNING the allegation in Paragraph 46 of the COMPLAINT that PRN 'sustained and will continue to sustain substantial, immediate and irreparable injury for which there is no adequate remedy at law." [DE 66].

> With respect to profits, the plaintiff must show a causal relationship between the infringement and profits, and must also present proof of the infringer's gross revenue. See 17 U.S.C. § 504(b); Montgomery, 168 F.3d at 1296. If the plaintiff meets its burden, the infringer must then prove "his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." Id.

Home Design Servs., Inc. v. Turner Heritage Homes, Inc., 101 F. Supp. 3d 1201, 1217 (N.D. Fla. 2015), aff'd, 825 F.3d 1314 (11th Cir. 2016). Because the complete measure of damages in a copyright case includes both Plaintiff's actual damages and Defendants' profits, the financial information requested by Defendants is relevant and proportional to the needs of the case. Therefore, the Motion will be granted as to Request Nos. 44 and 45.

Request Nos. 46 and 56 pertain to Plaintiff's alleged irreparable injuries for which there is no adequate remedy at law. Plaintiff argues that the requests are not relevant because it has not sought preliminary injunctive relief. Nevertheless, Plaintiff seeks permanent injunctive relief [DE 1] and, therefore, documents concerning irreparable injury sustained by Plaintiff are both relevant and proportional to the needs of the case. As such, the Motion will be granted as to Request Nos. 46 and 56.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Compel Production of Documents [DE 66] filed by Defendants/Counterclaimants Take-Two Interactive Software, Inc. and Rockstar Games, Inc. is **GRANTED IN PART and DENIED IN PART.** The Motion is **DENIED AS MOOT** with respect to Request No. 28, but is **GRANTED** as to Request Nos.

44, 45, 46, and 56. Plaintiff shall produce the responsive documents within 14 days of the date of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of August 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF