UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-61492-CIV-DIMITROULEAS/SELTZER

PSYCHIC READERS NETWORK, INC.,

    Plaintiff/Counterdefendant,

vs.

TAKE-TWO INTERACTIVE SOFTWARE,
INC. and ROCKSTAR GAMES, INC.,

    Defendants/Counterclaimants,

and DOES 1-10,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

**THIS CAUSE** has come before the Court upon the Plaintiff's Motion to Compel Defendants to Produce Documents [DE 67]. This is an action for copyright infringement and unjust enrichment in which Plaintiff, Psychic Readers Network, Inc. ("PRN"), seeks damages and injunctive relief for Defendants' alleged unauthorized use of Plaintiff's character "Miss Cleo" for its video game Grand Theft Auto: Vice City. Plaintiff seeks an Order compelling Take-Two Interactive Software, Inc. and Rockstar Games, Inc. (collectively "Defendants") to produce documents responsive to PRN's First Request for Production of Documents.

There are several categories of documents in dispute. The first category involves Defendants' financial records and profits from 2002 through the present (Request Nos. 1, 4, 8, and 9). The documents pertain to Plaintiff's claim for actual damages for copyright

infringement. Defendants have agreed to produce responsive documents dating back to July 26, 2014, but they object to producing documents prior to that date on the ground that the applicable statute of limitations for copyright infringement is three years and, therefore, Plaintiff may only recover damages for the three-year period prior to filing suit. 17 U.S.C. § 507(b).

Plaintiff relies upon Habersham Plantation Corp. v. Molyneux, 2011 WL 13216994 (S.D. Fla. Aug. 19, 2011), and argues that it can recover damages for acts of infringement that occurred more than three years before the suit was filed because it neither knew nor reasonably should have known about the alleged infringement. Defendant argues that given the level of success enjoyed by Grand Theft Auto: Vice City, and the alleged importance of the Auntie Poulet character to the game, it is unreasonable for Plaintiff to assert that a reasonable copyright holder would not have discovered, in the 16 years of the game's existence, the alleged infringement. Defendant also argues that a recent Supreme Court case, Patrella v. Metro-Goldwyn-Mayer, Inc., 134 S.Ct. 1962 (2014), makes clear that copyright damages are strictly limited to those incurred in the three year period preceding the litigation. The Patrella Court, however, specifically noted that it had not considered whether the "discovery rule" applies in copyright actions. Id. at 1969, n.2. Furthermore, several courts subsequent to Patrella have ruled that a plaintiff in a copyright case may recover damages beyond the three-year statute of limitations when it did not know, and could not have reasonably known, of the alleged infringement. See Mitchell v. Capitol Records, LLC, 287 F. Supp. 3d 673 (W.D. Ky. 2017); Wolf v. Travolta, 167 F. Supp. 3d 1077 (C.D. Cal. 2016); Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc., 28 F. Supp. 3d 399 (E.D. Pa. 2014).

The issue of how far back Plaintiff can seek recoverable damages is ultimately for the District Court to determine. At this stage, the undersigned concludes only that discovery of Defendants' financial records from the date of the first infringement to the present is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Accordingly, the Motion to Compel will be granted as to Request Numbers 1, 4, 8, and 9.

The second category of documents sought by Plaintiff involves documents that identify or show the distributor(s) of <u>Grand Theft Auto: Vice City</u> (Request Numbers 10 and 41). Plaintiff has named as Defendants unknown "Does 1 through 10" and seeks the identity of Defendants' distributors so that those entities can be joined in this copyright action. Thus, the undersigned concludes that the requests are relevant to Plaintiff's claims. Defendants, however, argue that the requests are not proportional to the needs of the case because they are not limited in scope, time, or geography. In response, Plaintiff acknowledges that a list of distributors of <u>Grand Theft Auto: Vice City</u> is sufficient and that the identity of all distributors involved in the distribution of the infringing product are not just relevant but also proportional. The undersigned agrees. The Motion to Compel addressed to Request Numbers 10 and 41 will be granted, but Defendants' response will be limited to a list of the distributors of <u>Grand Theft Auto: Vice City</u> from its initial release through the present.

The final category of documents sought by Plaintiff involves contracts and licenses for other actors and intellectual property used in <u>Grand Theft Auto: Vice City</u> (Request Numbers 5, 18, and 19). Plaintiff argues that payments made to other actors who performed in the release and payments made for the use of other intellectual property in the game are relevant and necessary for determining damages caused by Defendants'

3

failure to license the Miss Cleo character. The undersigned disagrees. Payments made to other talent who performed in the work are not relevant to payments made to the actor who played Miss Cleo. In addition, the licenses paid by Defendants for other intellectual property are not relevant to the fair market value of Miss Cleo. Accordingly, the undersigned concludes that Request Numbers 5, 18, and 19 are not relevant to the claims or defenses in the case, nor are they proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Defendants to Produce Documents [DE 67] is **GRANTED IN PART and DENIED IN PART.** The Motion is **GRANTED** as to Request Nos. 1, 4, 8, 9, 10, and 41 and is **DENIED** as to Request Numbers 5, 18, and 19. Defendant shall produce responsive documents as defined herein with 14 days of the date of this Order.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 13th day of August 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF